## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| DIANN BILLIPS-YESHURUN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:22-cv-423-ECM-CWB |
| | ) |
| ROCKET MORTGAGE, | ) |
| | ) |
| Defendant. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, acting *pro se*, filed this action against Rocket Mortgage on July 21, 2022. (Doc. 1). Referral then was made to the Magistrate Judge for "all pretrial proceedings and entry of any orders or recommendations as may be appropriate." (Doc. 4). For the reasons set out below, the undersigned Magistrate Judge now recommends that the action be dismissed without prejudice.

**I.    Procedural History**

On October 7, 2022, Rocket Mortgage filed a Motion to Dismiss on the basis that the Complaint "fails to satisfy the minimum pleading requirements of Rule 8." (Doc. 8 at p. 4). According to Rocket Mortgage, Plaintiff's "vague assertions fail to proffer 'enough facts to state a claim to relief that is plausible on its face.'" (*Id*. at p. 5) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff in turn requested that she be permitted to file an Amended Complaint. (Doc. 11). Notwithstanding Plaintiff's failure to submit a copy of the proposed amendment as required by Local Rule 15.1, the undersigned Magistrate Judge afforded her an opportunity to remedy the original pleading deficiencies by filing an Amended Complaint on or before December 29, 2022. (Doc. 13). Despite the admonition that "failure to comply with the pleading requirements of Rule 8 and Rule 10 of the Federal Rules of Civil Procedure will result in a recommendation that this action be dismissed," Plaintiff has taken no curative action.

1

## II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint satisfy three elements.  First, the complaint must provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."  Fed. R. Civ. P. 8(a)(1).  Second, the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  And third, the complaint must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a)(3).

The overall effect of those pleading requirements is that a complaint must "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  While plausibility "does not require 'detailed factual allegations' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*,  556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A complaint thus will not pass muster if it merely "offers labels and conclusions or a formulaic recitation of the elements of a cause of action," or if it "tenders naked assertion[s] devoid of further factual enhancement."  *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are to be liberally construed.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  Nonetheless, it has been made clear that a court does not have "license . . . to rewrite an otherwise

deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009).  It is further recognized that a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III.  Discussion

It first must be observed that the Complaint fails to comply with the requirement of Rule 8(a)(1) to provide grounds for the court's jurisdiction.  Although Plaintiff identifies "Diversity of Citizenship" as the basis for jurisdicition (Doc. 1 at p. 3), she avers that Rocket Mortgage is incorporated under the laws of the state of Alabama (*Id*. at p. 4)—which has the effect of pleading Alabama citizenship.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business … .").  Because Plaintiff pleads that she too is an Alabama citizen (Doc. 1 at p. 3), it cannot be said that she has satisfied the pleading requirements for establishing diversity jurisdiction.

Second, the Complaint fails to contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief" as required under Rule 8(a)(2).  Rocket Mortgage asserts, and the undersigned agrees, that it is unclear from the Complaint what conduct Plaintiff is alleging to have been wrongful.  Indeed, nothing in the "FACTS" section of the Complaint remotely can be construed as establishing a sufficient factual predicate for any type of claim.  (Doc. 2 at p. 2; *see also* Docs. 2-1, 2-2 & 2-3).  As it stands, the Complaint simply contains the type of "unadorned, the-defendant-harmed-me accusation(s)" that have been deemed insufficient by the United States Supreme Court.  *See Iqbal*, 556 U.S. at 678; *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d

3

949, 960 (11th Cir. 2009) ("At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory.") (emphasis, internal quotes, and citations omitted).

Third, and although Plaintiff enumerates the amount in controversy as $87,648.88 (Doc. 1 at p. 4), the Complaint contains insufficient factual allegations to support that representation. For example, the Complaint elsewhere appears to identify the monetary sum in dispute as only $5,000.00. (*Id*.; *see also* Doc. 2 at p. 2). Plaintiff's requests for non-monetary relief are even more vague and fail to provide any basis upon which the court could evaluate the amount in controversy or that would permit Rocket Mortgage to fashion a meaningful response. (Doc. 1 at pp. 4-5). The undersigned therefore finds that the Complaint fails to sufficiently comply with the requirement of Rule 8(a)(3) to set forth a demand for the relief sought.

### IV.     Conclusion

Accordingly, for each of the reasons set forth herein, the undersigned Magistrate Judge RECOMMENDS that Motion to Dismiss (Doc. 8) filed by Rocket Mortgage be GRANTED and that this action be dismissed without prejudice. Moreover, to the extent Plaintiff's submissions potentially could be construed as presenting a motion for summary judgment (Doc. 2), it is further RECOMMENDED that such request be DENIED.

It is hereby ORDERED that objections to this Recommendation must be filed on or before January 18, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 4th day of January 2023.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**